CORTEZ V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-168-CR

REFUGIO BALLEZA CORTEZ APPELLANT

A/K/A REFUGIO CORTEZ

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Refugio Balleza Cortez, a/k/a Refugio Cortez, appeals from his conviction  for the offense of aggravated robbery with a deadly weapon.  We affirm.

The parties are familiar with the facts of this case and the applicable law is well-settled.

In his first two points, appellant complains that the evidence is 
legally and factually insufficient to support his conviction for aggravated robbery. 
 
The following evidence was presented at trial: the clerk at the convenience store identified appellant and his partner, David Lopez, as the men who acted together to rob her at knife-point; the State admitted a videotape of the robbery showing appellant seizing the money out of the cash drawer while Lopez thrust a knife at the clerk; and Detective Manny Reyes testified that appellant admitted to planning the robbery of the convenience store with Lopez before the robbery.  Moreover, appellant testified at trial and admitted that he robbed the store with Lopez, but contended that the act was not planned with Lopez before hand and denied knowing that Lopez intended to pull a knife on the clerk. 
 Upon reviewing the evidence under the applicable standards of review,
(footnote: 2) we conclude
 that the evidence presented at trial was legally and factually sufficient to establish appellant committed the offense of aggravated robbery.
(footnote: 3) 
 We overrule appellant’s first two points.

In his third point, appellant complains that the trial court erred by denying his request for a jury charge tracking article 38.23 of the code of criminal procedure as it related to his confession.
(footnote: 4)  Specifically, he argues that it was clear that he was so intoxicated that he did not know what he was doing and his excessive use of alcohol and cocaine prevented him from making a knowing statement or waiver of his rights.  A trial court is required to give an article 38.23 instruction if there is a factual dispute as to how the evidence was obtained. 
 
Balentine v. State
, 71 S.W.3d 763, 773 (Tex. Crim. App. 2002).  Intoxication alone does not render a confession involuntary.  
Jones v. State
, 944 S.W.2d 642, 651 (Tex. Crim. App.
 1996); 
Garcia v. State
, 919 S.W.2d 370, 387 (Tex. Crim. App. 1996) (op. on reh'g).  Additionally, appellant did not present any evidence to raise an issue on the voluntariness of his statements.  We overrule appellant’s third point.

In his fourth and fifth points, appellant argues that the trial court erred by overruling his objection to the State’s improper jury arguments during guilt- innocence.  In one instance, the State said that appellant was “not simply a thief.”  In the other instance, the State said “[d]on’t even insult the people of Tarrant County by finding him guilty of theft.” 

Proper jury argument includes four areas:  (1) summation of the evidence presented at trial, (2) reasonable deduction drawn from that evidence, (3) answer to the opposing counsel's argument, or (4) a plea for law enforcement.  
Jackson v. State
, 17 S.W.3d 664, 673 (Tex. Crim. App. 2000).  To constitute reversible error, the argument must be manifestly improper or inject new, harmful facts into the case.  
Id
.  Neither argument injected new facts into the case or could be construed as manifestly improper.  Accordingly, we hold that the first statement was a proper response to the opposing counsel’s argument that appellant was merely a thief who came into the store to buy beer and acted alone on the spur of the moment to steal the money from the register.  The second argument is a proper plea to law enforcement.
  Appellant’s fourth and fifth points are overruled.

Having overruled all of appellant’s points, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 25, 2004

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
See
 
Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001);
 see also 
Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis v. State
, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996).

3: 
See 
Tex. Penal Code Ann.
 §§ 7.02(a)(2), 29.02(a)(2), 29.03(a)(2) (Vernon 2003).

4:
Article 38.23 provides that

No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

Tex. Code Crim. Proc. Ann.
 art. 38.23(a) (Vernon Supp. 2004).